Slip Op. 08-47

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| AEGIS SECURITY INSURANCE COMPANY, | : : : : | |
| Third Party Plaintiff, | : : | Before: Jane A. Restani, Chief Judge |
| v. | : : | Court No. 05-00276 |
| MATTHEW FLEMING and MAINLAND, INC., | : : : | |
| Third Party Defendants. | : : | |

**<u>OPINION</u>**

[Third party plaintiff's motion for attorneys' fees and expenses granted.]

Dated: May 1, 2008

<u>Sandler Travis Rosenberg Glad & Ferguson, PC</u> (<u>Thomas R. Ferguson</u>) and <u>Sandler, Travis & Rosenberg, PA</u> (<u>Arthur K. Purcell</u>) for the third party plaintiff.

<u>Galvin & Mlawski</u> (<u>John J. Galvin</u>) for the third party defendants.

Restani, Chief Judge: This matter is before the court on third party plaintiff Aegis Security Insurance Company's ("Aegis") motion for sanctions in the form of attorneys' fees and expenses, filed pursuant to USCIT R. 37(d), against third party defendant Matthew Fleming ("Fleming"). Aegis seeks an award of fees and expenses incurred as a result of Fleming's failure to respond to Aegis' interrogatories and other discovery requests, and failure to appear on the first day of a scheduled two-day deposition. The court will grant the motion.

## FACTS

The facts are undisputed.  In the underlying action, the United States filed a complaint against Aegis to collect antidumping duties that importer Mainland, Inc. failed to pay.[1]  <u>United States v. Aegis Sec. Ins. Co.</u>, No. 05-00276 (CIT filed Mar. 23, 2005).  Aegis asserted this third party action against Mainland, Inc. and Fleming.[2]  (Am. Answer & Third Party Claim.)  A default judgment was entered against Mainland, Inc., but the action was maintained against Fleming.  (Entry of Default, Apr. 3, 2007.)

During discovery, Aegis submitted interrogatories and requests for production of documents.  The Second Set of Interrogatories and Request for Production of Documents ("Second Set of Interrogatories"), propounded in December 2006, requested the capitalization and financial records of Mainland, Inc. from 1997 through 2007.  (Third Party Claimant's Second Set of Interrogs. Propounded Upon Third Party Def., Matthew Fleming & Req. for Produc. of Docs., Ex. A.2 to Mot. to Compel.)  The Third Set of Interrogatories and Request for Production of Documents ("Third Set of Interrogatories"), propounded in March 2007, requested information to clarify the relationship between Fleming, "Mainland, Inc.," and a "Mainland Enterprises, Inc.," and information concerning the origins, <u>bona fides</u>, preparation, location, and

---

[1] The action was dismissed after Aegis and the United States settled.  (<u>See</u> Settlement Agreement, Ex. A to Answer & Second Am. Third Party Claim); <u>United States v. Aegis Sec. Ins. Co.</u>, No. 05-00276 (CIT Jan. 28, 2008) (order of dismissal).

[2] Fleming is the president and sole shareholder of the company.  (Third Party Def. Fleming's Objections & Resp. to Third Party Claimant's Second Set of Interrogs. & Req. for Produc. 3, Ex. A.1 to Mot. to Compel Disc. in Third Party Action ("Mot. to Compel").)

Court No. 05-00276 Page 3

custodian of the corporate documents that Fleming had previously submitted to Aegis.[3] (Third Party Claimant's Third Set of Interrogs. & Req. for Produc. of Docs. Propounded Upon Third Party Def., Matthew Fleming, Ex. B to Mot. to Compel.)

In May 2007, Aegis moved to compel discovery. Aegis claimed that Fleming had not responded to the Third Set of Interrogatories and, to the extent that he responded to the Second Set of Interrogatories, he submitted financial records only from 2002 through 2007 for "Mainland Enterprises, Inc.," rather than the requested 1997 through 2007 capitalization and financial records for "Mainland, Inc." (Third Party Claimant's Statement Detailing the Disc. that Remains Outstanding 2–3 ("Statement Detailing Outstanding Disc."); see also Def./Third Party Claimant's Consent Mot. for a Second Amendment of Scheduling Order; Am. Scheduling Order, Sept. 29, 2006; Resubmission of Def./Third Party Claimant's Consent Mot. for a Third Amendment of Scheduling Order Affecting Third Party Action; Am. Scheduling Order, Mar. 5, 2007.) The court granted the motion and directed Fleming to respond by July 4, 2007. (Order, June 19, 2007.) On July 3, the court granted Aegis' motion to amend the scheduling order and extended discovery to September 30. (Fourth Am. Scheduling Order, July 3, 2007.)

The parties agreed thereafter to meet on September 25 and 26 to depose Fleming.[4] (See

---

[3] Aegis propounded the Third Set of Interrogatories upon Fleming because, in responding to the First Set of Interrogatories and Request for Production of Documents, Fleming had produced corporate documents (i.e. the Articles of Incorporation, Bylaws, and Stock Certificate) bearing the name "Mainland Enterprises, Inc." rather than "Mainland, Inc." According to Aegis, this created the impression that there were two separate entities at issue. (Aegis' Reply to Fleming's Resp. & Opp'n to Aegis' Mot. for an Order to Show Cause Re: Contempt, & for Sanctions 3–4 ("Reply Br.").)

[4] The parties had scheduled the deposition for September 10 and 11 but rescheduled it to September 25 and 26. (Consent Mot. to Amend Scheduling Order 1; see Notice to Take Dep.,

Am. Notice to Take Dep., Ex. B to Aegis Sec. Ins. Co.'s R. 37(d) Mot. for Sanctions & Att'y Fees & Expenses ("Mot. for Sanctions"); Emails, Ex. C to Mot. for Sanctions.) Fleming failed to appear for his deposition on September 25. He did not inform counsel until that morning, when contacted on his cell phone and when the other parties were already present, that he was still in Florida.[5] He stated that he had travel complications but that he could take a later flight to New York that day. (Third Party Def., Matthew Fleming's, Combined Resp. in Opp'n to Third Party Pl.s' Mot. for an Order to Show Cause Why Third Party Def. Fleming Should Not be Held in Contempt & Sanctioned & in Opp'n to Third Party Pl.'s Mot. for Sanctions & Att'y Fees & Expenses 6 ("Combined Response").) The parties rescheduled the deposition for the following day, when Fleming appeared and was deposed until mid-afternoon. (Id. at 7.) At the deposition, Aegis requested responses to the Third Set of Interrogatories and additional discovery. (Ferguson Decl., Jan. 29, 2008, Ex. A to Third Party Claimant Aegis Sec. Ins. Co.'s Mot. for Order to Show Cause Why Third Party Def. Fleming Should Not be Held in Contempt & Sanctioned for Repeated Failures to Respond to Disc. ("Mot. to Show Cause").) Fleming agreed to submit the requested information. (Combined Resp. 2–3.)

On September 25, Aegis filed a motion to amend the scheduling order. (Mot. for Fifth Am. Scheduling Order.) The court granted the motion and extended discovery to November 29, 2007. (Fifth Am. Scheduling Order, Oct 1, 2007.) Aegis filed another motion on January 14,

---

Ex. A to Mot. for Sanctions.)

[5] The parties agreed to meet at the New York City office of Fleming's counsel. Aegis' counsel traveled from California, and counsel for the United States from Washingtion, D.C. Fleming resided in Florida. (See Am. Notice to Take Dep., Ex. B. to Mot. for Sanctions; Mot. for Sanctions 2.)

Court No. 05-00276                                                                                                         Page 5

2008.[6]  (Mot. for Sixth Amendment of Scheduling Order.)  The court also granted that motion and extended discovery to January 30, 2008.  (Sixth Am. Scheduling Order, Jan. 23, 2008).

On January 29, still not having received responses, Aegis moved for an order to show cause as to why Fleming should not be held in contempt and sanctioned for his failures to respond to the discovery requests.[7]  The court granted the motion.  (Order Granting Mot. to Show Cause & Ordering Fleming to Show Cause, Jan. 30, 2008.)  Aegis now moves under USCIT R. 37(d) for sanctions in the form of attorneys' fees and expenses incurred as a result of Fleming's failure to appear at the September 25 deposition, failure to respond to discovery requested during the September 26 deposition, and failure to respond fully to the Second and Third Sets of Interrogatories.  (Mot. for Sanctions 4.)

In response to the Order to Show Cause, Fleming claims that he responded to the discovery requests.  He submits an unsigned, undated, and unnotarized document purporting to

---

[6] In this motion, in addition to requesting additional time for discovery, Aegis also requested more time for Fleming to respond to its Amended Third Party Complaint, filed in November 2007, in which Aegis added a subrogation cause of action after settling with the United States in the underlying action.  (Answer & Second Am. Third Party Claim 4; Mot. for Sixth Amendment of Scheduling Order 1–2.)  Fleming responded to the Amended Complaint but not to the discovery requests.

[7] On that day, after Aegis advised Fleming's counsel of its intention to file the motion, counsel emailed Aegis a letter purported to be responses to the discovery requests made during the September 26 deposition.  (See Letter (Attach A to Ex. A to Mot. to Show Cause).)  The letter stated that "Fleming's May 23, 2007 Response to Third Set of Interrogatories, etc., as well as a copy of his Response to Chief Judge Restani's June 19, 2007 Order, responding to Interrogatories #30–32 [from the Third Set of Interrogatories]" were attached to the email, but there were no such attachments.  (See id.)
    The motion appears to pertain only to Fleming's failure to respond to the Third Set of Interrogatories and the September 26 discovery requests.  It notes that Aegis's "motion to compel also sought [Fleming's] responses to prior discovery, but those are not the immediate subject of the instant motion." (Mot. to Show Cause 2.)

be the "missing"[8] response to the Third Set of Interrogatories that Aegis claimed it never received. (See Third Party Def., Matthew Fleming's Supplemental Response to Third Party Claimant's Interrogs. & Reqs. for Produc., Attach. to Combined Resp. ("Attachment A").) He explains that, "due to [his] counsel's inadvertence," Attachment A "was mistakenly identified as a 'Supplemental' Response, when, in fact, it should have been identified as [his] 'Combined Supplemental Response to Aegis' Second Set of Interrogatories and his Response to Aegis' Third Set of Interrogatories and Production.'"[9] (Combined Resp. 4.) Fleming further states that the requested capitalization, financial, tax, or corporate records for "Mainland, Inc." do not exist because he incorporated the company as "Mainland Enterprises, Inc." and "Mainland, Inc." is merely a short-hand reference to "Mainland Enterprises, Inc." (Id. at 4–6.)

Fleming also now responds to the requests made at the deposition, and in support, submits an unsigned, undated, and unnotarized document containing the responses. (See Third Party Def., Matthew Fleming's Supplemental Resps. to Third Party Claimant's Interrogs. & Reqs. for Produc., Attach. to Combined Resp. ("Attachment B").) The document also contains

---

[8] The record shows that Fleming told Aegis that he had provided the responses but was unable to locate them when Aegis denied receipt and requested resubmission. (See Mot. to Show Cause 3 n.1.)

[9] In Attachment A, Fleming stated that "Mainland, Inc." and "Mainland Enterprises, Inc." are the same entity, and that "Mainland, Inc." is merely a "short-hand reference" to "Mainland Enterprises, Inc." (Attachment A 3–5.) Fleming also stated that he had already provided the 2002 through 2007 capitalization and financial information of "Mainland Enterprises, Inc." via his submissions of a sales ledger detailing the date, customer names, and amounts of the transactions; bank statements; copies of each cancelled check; copies of the company credit card statements; and detailed ledger of loans. (Id. at 5.) He further noted that he would attempt to locate the records from 1997 through 2001. (Id.) Fleming also noted that he had requested his corporate counsel to verify the origin, bona fides, source, and chain of custody of the corporate documents. (Id. at 6.)

the information concerning the origin, bona fides, source, and chain of custody of the corporate documents, requested in the Third Set of Interrogatories. Fleming states that the documents were prepared by a Kramer Law Firm in March 2007, "with the originals thereof remaining under [his] custody and control." (Combined Resp. at 4; see also Attachment B at 2.)

In response to the Motion for Sanctions, Fleming claims that Aegis has not incurred any additional expenses for his failure to appear on September 25 for the two-day deposition. (Combined Resp. at 7.) In the response, he does not address the part of the motion seeking an award of fees and expenses for his failure to respond to the Second and Third Sets of Interrogatories and to the additional requests made at the deposition.

In light of Fleming's response that the Kramer Law Firm prepared the corporate documents in March 2007 and admission that Fleming himself is the custodian of the documents, Aegis additionally seeks sanctions for Fleming's alleged withholding of such information. Aegis questions Fleming's response at his deposition that he could not recall this information. Aegis also claims that the corporate documents are questionable on their face and that, contrary to Fleming's assertion, he had not submitted the electronic copies of the corporate documents, as requested.[10]

---

[10] Aegis claims that, except for the Articles of Incorporation, the corporate documents were unsigned and mostly undated; the documents were identical; the Stock Certificate, while dated 1997, was on a certificate with a copyright of 1999. (Reply Br. 4; see also Stock Certificate, Attach. 1 to Reply Br.) Aegis also questions whether the Kramer Law Firm had in fact prepared the Stock Certificate and Bylaws, in light of an invoice showing that Fleming had ordered a Corporate Form Book containing the Stock Certificate and Bylaws from a Mark's Corpex Banknote Company, Inc. in June 2006. (Reply Br. 6; see also Invoice, Attach. 4 to Reply Br.)

# DISCUSSION

USCIT R. 37(d) provides:

Failure of Party To Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . , the court on motion may make such orders in regard to the failure as are just . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

USCIT R. 37(d). USCIT R. 37(d) "mirrors the Federal Rules of Civil Procedure," and the court, in applying the Rule, has relied on opinions of other federal courts applying the Federal Rules of Civil Procedure ("FRCP"). United States v. Neman Bros. & Assocs., 18 CIT 89, 90 (1994); see also, e.g., Zenith Radio Corp. v. United States, 2 CIT 59, 59–60 (1981).

**1. Failure to Respond to Discovery Requests**

Some courts have held that Rule 37(d) of the FRCP does not authorize sanctions unless a party totally fails to respond to the discovery requests. See Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1339–40 (9th Cir. 1985) (disagreeing with district court's finding that Rule 37(d) sanctions were warranted because partial answers were incomplete, evasive, and false); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions only apply where there is a total non-compliance with discovery."); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3d Cir. 1979) ("Rule 37 sanctions are contemplated when there has been virtually total noncompliance with discovery."), abrogated on other grounds

by Alexander v. Gino's, Inc., 621 F.2d 71, 73 (3d Cir. 1980); see also Southard v. Pa. R.R. Co., 24 F.R.D. 456, 457 (E.D. Pa. 1959) ("Even if the defendant had filed false answers, it is extremely doubtful that such filing should be considered tantamount to a refusal to answer."). Other courts have imposed sanctions where parties have responded but "the evasive or incomplete answers are tantamount to no answer at all." Airtex Corp. v. Shelley Radiant Ceiling Co., 536 F.2d 145, 155 (7th Cir. 1976); see also Minn. Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1260–61 (Fed. Cir. 1985) (holding that "unable to respond" constitutes no response); Fautek v. Montgomery Ward & Co., 96 F.R.D. 141, 145 (N.D. Ill. 1982) ("Parties are required to respond to requests to produce in a complete and accurate fashion."); Bell v. Auto. Club of Mich., 80 F.R.D. 228, 232 (E.D. Mich. 1978) ("The answers provided in defendants' responses . . . were so misleading and deceptive as to constitute a failure to answer these interrogatories."). Although this issue is undecided, Neman Brothers suggests that the court would adopt the broader view.[11] See Neman Bros., 18 CIT at 92 (acknowledging the existence of "clear policies underlying Rule 37(d) to deter the serious disregard of discovery requests that would be undermined if the parties had only further orders directing compliance to fear"). Here,

---

[11] Sanctions also would be warranted under the narrow view, as Aegis had moved to compel discovery, see Fox, 516 F.2d at 995 ("Defendants' remedy for incomplete or otherwise objectionable answers to interrogatories, and for failure to produce the correct documents . . . was to file a motion under Rule 37(a) for an order requiring plaintiffs to answer and to produce documents for evidence."); GFI Computer Indus., Inc. v. Fry, 476 F.2d 1, 3 (5th Cir. 1973) ("Plaintiff's remedy for incomplete or otherwise objectionable answers to interrogatories, and for failure to produce pursuant to a Rule 34 request, was to file a motion under Rule 37(a) for an order requiring defendant to answer and to produce documents for inspection."), and sanctions may be imposed under USCIT R. 37(b) for noncompliance with the court's June 2007 Order to Compel, see USCIT R. 37(b); see also Ohio v. Arthur Andersen & Co., 570 F.2d 1370, 1374 (10th Cir. 1978) (upholding sanctions under FRCP Rule 37(b) despite eventual production of documents because "[f]inal production is not determinative").

Court No. 05-00276                                                                                          Page 10

sanctions are warranted for Fleming's failures to respond to the discovery requests because he either failed to respond completely or his answers were so misleading that they constitute a failure to respond.

Fleming claims that "in accordance with the [c]ourt's June 19, 2007, order . . . [he] timely provided his responses [to the Third Set of Interrogatories]," but he does not specify when he provided such responses. (See Combined Resp. 2.) Aegis consistently denies receiving these responses, (see Mot. to Show Cause 3 n.1; Mot. for Sanctions 4), and Attachment A is not signed, dated, notarized, or accompanied by any proof of mailing, (see Attachment A). Furthermore, Fleming's own counsel "represented and maintains that he does not have a copy of the subject responses in his files." (Ferguson Decl. ¶ 7.) Nonetheless, even assuming that Fleming had submitted the responses, his failure to resubmit it until the Combined Response is insupportable.

Belated responses generally do not excuse a party from Rule 37 sanctions. See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2nd Cir. 1979) (rejecting argument that court should not preclude evidence because, although plaintiff had "at last filed answers" to interrogatories, "plaintiff's hopelessly belated compliance should not be accorded great weight"); Fautek, 96 F.R.D. at 145 ("Ultimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion."). Here, even assuming that Fleming was unable to locate his responses for a period of time, the record shows that Aegis had given him time to resubmit them after they had been located. (See Ferguson Decl. ¶ 7; Mot. to Show Cause 3 n.1.) Yet, Fleming did not resubmit

them until the Combined Response.  Sanctions are similarly warranted for his tardy responses to the September 26 discovery requests, which also were not produced until the Combined Response.

As to Fleming's claim that "Mainland, Inc." is nonexistent, this assertion is inconsistent with his responses to prior interrogatories that he was an employee of "Mainland, Inc." and a Customs entry indicating "Fleming, Matthew dba Mainland, Inc." as the importer of record.  (See Third Party Def. Matthew Fleming's Resp. to Third Party Claimant's First Set of Interrogs. & Req. for Produc. of Docs. 6, Ex. E to Statement Detailing Outstanding Disc.; Customs Entry Summary, Attach. I to Statement Detailing Outstanding Disc.)  Even assuming that "Mainland, Inc." is a short-hand reference to "Mainland Enterprises, Inc.," Fleming could have so explained upon his receipt of the Third Set of Interrogatories in March 2007.  His failure to respond until the Combined Response in February 2008[12] impeded discovery for close to a year and caused Aegis to incur unnecessary discovery expenses and therefore warrants sanctions.

Fleming's assertions that the Kramer Law Firm prepared the corporate documents in March 2007 and that he is the custodian of the documents contradict his prior claims that he could not recall the source, time of preparation, location, and custodian of the documents.  His prior misleading answer constitutes a failure to respond.  See Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1363 (Fed. Cir. 1990) (concluding that "clear misrepresentation" constitutes "failure to respond").  His belated disclosure in the Combined Response does not excuse him

---

[12]Although the Combined Response is dated June 19, 2007, it was served and filed on February 5, 2008.  (See Combined Resp. 7; Certificate of Service, Attach. to Combined Resp.)

Court No. 05-00276 Page 12

from sanctions.[13]

**2. Failure to Appear at Deposition**

Although Fleming's failure to appear for his deposition on September 25 was not justified, whether his nonappearance on the first day of a scheduled two-day deposition is sanctionable presents a close question. Aegis was able to depose Fleming the following scheduled day, and Aegis does not contend that the deposition took longer than anticipated or that it was unable to complete the deposition that day. Also, nothing in the record shows that Aegis incurred any additional travel expenses for the deposition.

Nonetheless, in determining whether sanctions are warranted, the court must take into consideration the history of the discovery phase of the litigation. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) ("We need not decide whether unexplained absence from a pretrial conference would alone justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff. For the District Court in this case relied on all the circumstances that were brought to its attention, including the earlier delays."); Cine Forty-Second St. Theatre, 602 F.2d at 1068 ("[S]anctions must be weighed in light of the full record in the case") (citing Nat'l Hockey League, v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976)); Al Barnett & Son, 611 F.2d at 36 ("The full record reveals a course of conduct that frustrates the fundamental purpose underlying the discovery rules to provide adequate information to litigants in civil trials."). Here, even if Fleming's failure to appear for his

---

[13] Although it is not determinative, the court is skeptical of Fleming's claim that the Kramer Law Firm prepared the documents, in light of the copy of the invoice from Mark's Corpex Banknote Company Inc. submitted by Aegis. (See Invoice, Attach. 4 to Reply Br.)

Court No. 05-00276                                                                                              Page 13

deposition on September 25 may not warrant sanctions, his failure falls within a pattern of noncooperation and noncompliance with Rule 37(d).  Cf. First Nat'l Bank of Wa. v. Langley-Howard, Inc., 391 F.2d 207, 208 (3d Cir. 1968) (holding that delayed appearance for deposition does not warrant default judgment but warrants sanctions in the form of costs).  Thus, his failure to appear for his own deposition on September 25 is sanctionable in light of the history of the litigation.

### 3. Amount to be Awarded

Because Fleming fails to show that his lack of cooperation during discovery was substantially justified or that circumstances would render an award unjust, the court shall grant Aegis' motion for attorneys' fees and expenses.  Aegis is entitled to an award of the following: (1) the unanticipated costs incurred as a direct result of Fleming's failure to appear for the September 25 deposition, (2) costs associated with drafting and filing of the motions to amend the scheduling orders to enlarge the discovery period to accommodate Mr. Fleming's delays in responding, (3) costs associated with drafting the motion to compel discovery, (4) costs associated with drafting the motion for an order to show cause, and (5) costs associated with the drafting of the motion for sanctions.  The copies of the invoices that Aegis submitted, which total $31,188.31 in fees and expenses, include fees and expenses that fall beyond the above-defined categories.[14]  (See Invoices, Ex. D to Mot. for Sanctions.)  Because the invoices do not enable a

---

[14] Limiting the expenses to services directly related to address the discovery problems here – such as drafting the motion to compel production and the current motion for attorneys' fees and expenses, discussions arising out of the cancellation of the September 25 deposition, and the motions to amend the scheduling order to accommodate Fleming's failure to provide discovery – this court estimates the attorneys' fees and expenses to be substantially less than the full amount submitted by Aegis.

Court No. 05-00276 Page 14

proper and accurate calculation of the fees and expenses to be awarded, the court directs Aegis to file a complete and detailed statement of expenses and fees that Aegis believes fall within the parameters stated above, in accordance with the attached order.

                                           /s/ Jane A. Restani
                                                   Jane A. Restani
                                                   Chief Judge

Dated this 1st day of May, 2008.
New York, New York.

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AEGIS SECURITY INSURANCE COMPANY, <br><br>   Third Party Plaintiff, <br><br>  v. <br><br> MATTHEW FLEMING and MAINLAND, INC., <br><br>   Third Party Defendants. | Before:  Jane A. Restani, Chief Judge <br><br> Court No. 05-00276 |

## ORDER

Aegis shall file by June 16, 2008 a complete and detailed statement of expenses and fees that Aegis believes fall within the allowed categories.  Fleming shall file any objections by July 7, 2008.  The objections shall be limited to the issue of whether any particular items on the statement fall within the defined parameters; it is further

ORDERED that, as to further proceedings on the merits, Aegis submit an amended scheduling order within eleven days of issuance of this order.

SO ORDERED.

               /S/  Jane A. Restani
                   Chief Judge

Dated this 1st day of May, 2008.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                       Deputy Clerk